PETERS, J.,
dissenting.
Lin affirming the workers’ compensation judge’s judgment, the majority concludes that the weekly benefit should be calculated, not as of the date of the accident, but as of the date the injuries sustained in the accident developed into a disabling injury. I respectfully disagree with this conclusion.
Louisiana Revised Statutes 23:1021, which sets forth the definitions to be applied to the terms at issue in this litigation, contains an apparent conflict between calculation of benefits for full-time versus part-time employment. Both La.R.S. 23:1021(12)(a)(i) and (ii), which apply to full-time employees and those who were offered full-time employment,[1] use the “date of the accident” as the reference point in calculating the weekly benefit due an injured employee. On the other hand, La.R.S. 23:1021(12)(a)(iii) provides that “[i]f the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury” |gshall be used to calculate the weekly benefit. (Emphasis added).[2] While the legislature was not consistent in its statutory language, a reading of the other definitions found in La.R.S. 23:1021 causes me to conclude that this inconsistency in language does not change the fact that, in this case, the day of the accident is the date to be used for calculation of benefits.
Louisiana Revised Statutes 23:1021(1) defines an accident for workers’ compensation purposes as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” (Emphasis added). Additionally, La.R.S. 23:1021(8)(a) states that “ ‘[ijnjury’ and ‘personal injuries’ include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom.” (Emphasis added). In this case, the injury to Mr. Hinnard was caused by the violence associated with the accident of October 29, 2001. His ultimate disability arose later as a result of that injury.
I would reverse the workers’ compensation judge’s judgment and would calculate the benefits due based on Mr. Hinnard’s wages for the last four weeks before the accident of October 29, 2001.

. Louisiana Revised Statutes 23:102 l(12)(a)(i) refers to the situation where the employee is paid on an hourly basis and is employed for forty or more hours per week. Louisiana Revised Statutes 23:1021(12)(a)(ii) refers to the situation where the employee is paid on an hourly basis, is offered forty or more hours per week, and chooses to work less than forty hours per week.

. It is not disputed that Mr. Hinnard was a part-time worker at the time of the October 29, 2001 accident.